IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA    )
      )
v.    )    CASE NO. 2:26-cr-63-ECM
      )    [WO]
LEQUINTIN SAUVAE TOWNSEND    )

## MEMORANDUM OPINION and ORDER

Now pending before the Court is Defendant Lequintin Sauvae Townsend's unopposed motion to continue trial (doc. 23) filed on May 29, 2026. Jury selection and trial are presently set on the term of court commencing on June 22, 2026. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(1).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays "resulting from any pretrial motion, from the filing of the motion through the

conclusion of the hearing on, or other prompt disposition of, such motion," *id.* § 3161(h)(1)(D).

Counsel for the Defendant argues that a continuance is warranted because the Defendant's motion to suppress (doc. 14) remains pending. The Magistrate Judge held a hearing on the motion for May 26, 2026. (*See* docs. 15, 21). Once the Magistrate Judge enters a Recommendation on the motion, the parties typically have fourteen days to file any objections, at which point the undersigned District Judge must review the file and issue a ruling. The Defendant represents that the ruling on the motion to suppress is "dispositive" (doc. 23 at 2); however, the change of plea deadline for the current trial setting passed on June 1, 2026 at 12:00 p.m., before the motion to suppress could be ruled on. The Government does not oppose a continuance. The Court finds that the time period from the filing of the motion to suppress through the prompt disposition of that motion is excluded from the seventy-day speedy trial period. *See* 18 U.S.C. § 3161(h)(1)(D). Accordingly, and for good cause, it is

ORDERED that the motion to continue (doc. 23) is GRANTED to the extent that jury selection and trial are CONTINUED from June 22, 2026, and SPECIALLY SET on **July 27, 2026 at 10:00 a.m.** in **Montgomery**, Alabama. All deadlines tied to the trial date are adjusted accordingly. It is further

ORDERED that the status conference set for June 2, 2026, is CANCELLED.

DONE this 1st day of June, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE